UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER SINGH,<br>Petitioner,<br>v.<br>WARDEN OF THE IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br>Respondents. | Case No.: 26-cv-5370-RSH-BJW<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On September 17, 2026, petitioner Manjinder Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondent filed a return, ECF No. 5.

In an earlier habeas action also brought by Petitioner through counsel, Case No. 26-cv-295, this Court granted the petition on February 2, 2026, and ordered a bond hearing as requested by Petitioner. *See* Dkt. No. 6. On February 5, 2026, an immigration judge denied bond to Petitioner on the basis of flight risk and danger to the community. *See* ECF No. 1

at 11.[1] Petitioner's appeal of that decision is pending before the Board of Immigration Appeals ("BIA"). *See id.* On February 26, 2026, Petitioner brought a second petition, Case No. 26-cv-1225, which this Court denied for failure to exhaust administrative remedies. Dkt. No. 8. On June 24, 2026, Petitioner filed a third petition, Case No. 26-cv-3703, which this Court also denied. Dkt. No. 6.

Petitioner also filed an application for asylum. ECF No. 1 at 6. On May 29, 2026, an immigration judge denied Petitioner's asylum and ordered his removal. *Id.* On June 11, 2026, Petitioner appealed that decision to the BIA, which remains pending. *Id.*

## I. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II. DISCUSSION

In the instant Petition, Petitioner states that his continued detention "violates the due process clause of the 5th Amendment because there is no realistic possibility of Petitioner being removed . . . from the United States in the foreseeable future because Petitioner filed [a] BIA appeal, which is still pending." ECF No. 1 at 7, 11.

Petitioner cites *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689.

---

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

Here, the record reflects that Petitioner's removal order is not final, because on June 11, 2026, Petitioner appealed that removal to the BIA. *See* ECF No. 1 at 6; 8 C.F.R. § 1241.1(d) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [i]f certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal."). His appeal remains pending. ECF No. 1 at 6. Petitioner has therefore not established that he is entitled to relief under *Zadvydas*, under which the six-month presumptively reasonable period of detention begins when his order of removal becomes final.

Petitioner also asserts his detention is unconstitutionally prolonged. ECF No. 1 at 8-10. "Petitioner's due process claim challenging his prolonged detention . . . fails because petitioner received a bond hearing before an immigration judge." *Campbell v. Warden, California City Det. Facility*, No. 1:26-CV-04505-DAD-CSK, 2026 WL 2149763, at *3 (E.D. Cal. July 27, 2026); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (9th Cir. 2022) ("[D]uration alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations.") (quotation omitted). On February 5, 2026, Petitioner received a bond hearing before an immigration judge, who denied bond on the grounds that Petitioner posed a danger to the community and was a flight risk. *See* ECF No. 1 at 11.

Petitioner also alleges that the immigration judge misapplied the burden of proof. *Id.* Respondents argue that the Petition should be denied for failure to exhaust administrative remedies because Petitioner appealed the immigration judge's bond decision to the BIA and that appeal remains pending. ECF No. 5 at 3-4.

Petitioner is required to exhaust his administrative remedies through an appeal to the BIA before seeking habeas review of the immigration judge's adverse bond determination. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [The petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's

decision."). Petitioner has not done so here; his appeal remains pending. *See* ECF No. 5 at 3-4. The Court declines to excuse the exhaustion requirement here.

Petitioner has not met his burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. ECF No. 1. The Court likewise **DENIES** Petitioner's motion for appointment of counsel. ECF No. 2; *see Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (stating that the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances"). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge